# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHEILA JORDAN CUNNINGHAM, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-2258-SHL-atc |
| ) | |
| SUSAN METZ and FIDELITY ) | |
| INVESTMENTS, ) | |
|     Defendants. ) | |

**ORDER DISMISSING CASE PURSUANT TO PLAINTIFF'S STIPULATION OF VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. PROC. 41(a)(1)(A)(ii)**

Before the Court is Plaintiff Sheila Jordan Cunningham's Stipulation of Voluntary Dismissal Pursuant to Fed. R. Civ. Proc. 41(a)(1)(A)(ii), filed February 9, 2026. (ECF No. 40.) All of the Parties to the lawsuit stipulate to the dismissal of this action consistent with the following terms:

    1.    The action is voluntarily dismissed without prejudice.

    2.    Susan Metz, personal representative of The Estate of Roger Cunningham (hereinafter "Estate"), and Sheila Jordan Cunningham (hereinafter "Sheila") will participate in mediation before a Tennessee Supreme Court Rule 31 mediator, who is mutually agreeable to them, within 90 days of the date of filing of this stipulation.

    3.    Sheila's account at Fidelity, account number 264501830, shall be and will remain "frozen" in accordance with Fidelity's procedures pending a resolution of the dispute between the Estate and Sheila, with the sole exception that Sheila's account at Fidelity, account number 264501830, may accept a transfer of funds from the Estate's account, account number 259-

577339, in compliance with the South Dakota Circuit Court's Order of Dismissal entered January 15, 2026.

4. Sheila will make no transfer, withdrawal or investment change request of Fidelity or unilaterally take action to transfer or withdraw any funds from Sheila's account until such time as the dispute between the Estate and Sheila is settled or adjudicated.

5. If a settlement is reached through mediation or otherwise, Fidelity agrees to transfer the funds in accordance with instructions given by Sheila and the Estate or an order of the court having jurisdiction over the dispute.

6. If the Estate and Sheila determine that they are unable to resolve the dispute upon conclusion of mediation, the Estate shall have the right to institute a civil action either in United States District Court for the Western District of Tennessee or any Tennessee state court having personal jurisdiction over Sheila seeking an adjudication of the issues regarding ownership of the funds in Sheila's account and the funds described in paragraph 10 of this stipulation.

7. If a second action is filed as outlined in paragraph 6, Sheila has agreed to waive service of process such that it will be unnecessary for the Estate to serve Sheila with a summons and complaint in connection with such action.  Instead, a copy of the complaint may be delivered electronically to Sheila's counsel after the filing of such papers with the clerk of the court.

8. If the Estate elects to bring such action as specified in paragraph 6, Fidelity agrees to maintain the freeze on Sheila's account until such time as a final judgment is entered adjudicating the issues regarding the ownership of the funds.

9. If the Estate elects to bring such action, the parties agree that Fidelity shall not be a party to the second action.

10. The Estate also has delivered a check written on its account in the amount of

$109,354.85 to Sheila in connection with the dismissal of the South Dakota proceeding. Sheila shall return such amount to the Estate should any settlement or judgment in a subsequent Tennessee proceeding require such action.

11. The Estate and Ms. Metz are not waiving personal jurisdiction by the entry of this stipulation.

Accordingly, and under the preceding terms, this case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 10th day of February, 2026.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE